# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., <br><br> Petitioner, <br><br> v. <br><br> THOMAS GLENN, <br><br> Respondent. | CASE NO. C18-1289-MJP <br><br> ORDER CONFIRMING ARBITRATION AWARD |

THIS MATTER comes before the Court on Petitioner Amazon.com, Inc.'s petition to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. (Dkt. No. 1.) Respondent Thomas Glenn failed to respond to the petition. Having considered the Petition and the relevant record, the Court GRANTS the Petition and CONFIRMS the arbitrator's award.

**Background**

Respondent owned, managed, or operated www.Freebookservice.com ("Freebookservice"), a website that manipulated seller rankings of e-books self-published

through Amazon's Kindle Direct Publishing ("KDP") service. (Dkt. No. 1 at ¶¶ 7, 40.) On one or more occasions, Respondent enrolled as a customer, seller, or author/publisher on Amazon.com, and thereby agreed to be bound by the KDP Terms and Conditions and Amazon's Conditions of Use. (Id. at ¶¶ 12-15.) In assenting to the Terms and Conditions, Respondent submitted to mandatory, binding arbitration. (Id. at ¶¶ 18-19.)

Through Freebookservice, Respondent contacted KDP authors and publishers with an offer to artificially inflate their rankings within Amazon's Best Sellers, a list of best-selling products including general merchandise, physical books, and e-books sold in the Kindle Store. (Id. at ¶¶ 4, 40.) Respondent's website stated that its service could "quickly pull your book from the bottom of the ranks and boost it to the top of the seller charts." (Id.; Ex. 5.) Between 2013 and 2018, Respondent generated total sales revenue of $803,377.30 through Freebookservice. (Id. at ¶ 43.) Respondent knew that Amazon's policies prohibited manipulation of sales, sales rankings, and Best Seller lists. (Id. at ¶ 42.)

On September 6, 2017, Amazon initiated an arbitration proceeding by filing a demand with the American Arbitration Association. (Id. at ¶ 20.) Despite being served via first-class mail and email at the addresses associated with his Amazon accounts, Respondent did not respond to any pre-arbitration filings, did not file a pre-hearing brief, and did not participate in the arbitration hearing. (Id. at ¶¶ 21-32.)

On July 24, 2018, Arbitrator Katherine Hendricks conducted a hearing in Seattle, Washington. (Id. at ¶ 32.) On July 27, 2018, Arbitrator Hendricks issued a final award including $75,000 in damages under the Lanham Act, $7,500 in attorney fees, and $6,800 in arbitration fees and expenses. (Id. at ¶ 34; Ex. 4.) Additionally, Arbitrator Hendricks enjoined Respondent from opening any Amazon account, selling products on any Amazon website,

accessing any Amazon service or system in any way, interfering with the Amazon agreements of any Amazon account holder, or assisting any other person or entity with the foregoing actions. (Id. at ¶ 35; Ex. 4.)

Pursuant to the FAA, Amazon now petitions for confirmation of the arbitration award and entry of judgment in its favor. (Id. at 9-10.) On September 20, 2018, the clerk of court mailed the petition to Respondent's address in the Dominican Republic, in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Article 10(a). (See Dkt. Nos. 7, 8.) Respondent failed to file a response.

**Discussion**

The FAA allows the prevailing party in certain arbitration proceedings to apply to a federal district court to reduce the arbitration award to judgment. 9 U.S.C. § 9 ("Section 9"). The prevailing party must seek such relief "within one year after the [arbitration] award is made. Id. Where the parties' agreement does not specify the appropriate court, "such application may be made to the United States court in and for the district within which such award was made." Id. Upon service of the application to the adverse party, the federal court may assume personal jurisdiction over that party. Id. If the adverse party is a nonresident of the district within which the award was made, "the notice of the application shall be serviced by the marshal of any district within which the adverse party may be found in like manner as other process of the court." Id.

The Court finds that Amazon has satisfied each of these requirements. First, Arbitrator Hendricks issued the arbitration award in Seattle, Washington less than one year before Amazon filed this petition, and the award has not been vacated or amended. (See Dkt. No. 1 at ¶ 37-38,

Ex. 4.) Second, consistent with other courts in this district and elsewhere, the Court concludes that serving a nonresident, foreign respondent via mail, in accordance with Federal Rule of Civil Procedure 4(f) and the Hague Convention, satisfies Section 9's service requirement. See, e.g., Amazon.com, Inc. v. Arobo Trade, Inc., Case No. 17-0804JLR, 2017 WL 3424976, at *2-4 (W.D. Wash. Aug. 9, 2017); Latinamerican Theatrical Grp. LLC v. Swen Intern. Holding, 2013 WL 3071057, at *1 n.1 (C.D. Cal. June 18. 2013) (noting that while Section 9 "provides distinct rules for service of process for a petition to confirm arbitration," "[c]ourts have questioned the continuing validity of these rules—particularly where the respondent is located outside the United States—and have instead applied the Federal Rules of Civil Procedure to determine whether a petition to confirm arbitration has been properly served."); VentureForth Holdings LLC v. Joseph, 80 F. Supp. 3d 147, 148 (D.D.C. 2015) (holding that service of a nonresident complies with Section 9 if provided in accordance with Federal Rule of Civil Procedure 4).

Accordingly, the Court GRANTS Amazon's petition to confirm the arbitration award.

**Conclusion**

In accordance with the arbitration award (Dkt. No. 1, Ex. 4), the Court AWARDS Amazon $75,000 in damages under the Lanham Act, $7,500 in attorneys' fees, and $6,800 in arbitration costs and fees. The Court also ENJOINS Respondent, his officers, agents, representatives, servants, employees, attorneys, successors or assigns from

   (a) opening any Amazon account;

   (b) selling products on any of Amazon's websites;

   (c) accessing any of Amazon's services or systems in any way;

   (d) interfering with any Amazon account holder's agreements with Amazon; and

(e) assisting, aiding, or abetting any other person or entity to engage in or to perform any of the activities referred to in subparagraphs (a) through (d).

The clerk is ordered to provide copies of this order to all counsel.

Dated November 13, 2018.

Marsha J. Pechman
United States District Judge